UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DERRICK LEE SMITH,

        Plaintiff,                Case No. 1:24-cv-308

v.                                         Honorable Hala Y. Jarbou

IONIA CORRECTIONAL FACILITY
STAFF ET AL.,

        Defendants.
_____/

## ORDER TO FILE AMENDED COMPLAINT AND
## DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In his complaint, Plaintiff seeks only injunctive relief, asking this Court to prevent Plaintiff's transfer from the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan, to any other facility. However, shortly after filing his complaint, Plaintiff was transferred to the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan, where he is presently incarcerated. (*See* ECF No. 4.)

Because Plaintiff has been transferred to LRF, the Court is no longer able to grant the relief that Plaintiff seeks. Accordingly, the Court will provide Plaintiff with the opportunity to amend his complaint.

Plaintiff, a frequent litigant in this Court, is reminded that it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims

against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Moreover, "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable...." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

In addition, all civil rights complaints brought by prisoners must be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). Plaintiff failed to file his complaint on the requisite form. If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court.

The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended

complaint by filing his complaint on the requisite form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

In addition to his complaint, Plaintiff has filed a motion for production of documents, seeking documents related to Plaintiff's transfer from ICF to LRF. (ECF No. 4.) The Court will deny Plaintiff's motion as premature. No defendant has been served in this matter. After Plaintiff has filed an amended complaint, the Court will assess Plaintiff's complaint as applicable. If that amended complaint is served, and if at least one Defendant has entered an appearance, the Court will issue a case management order setting forth relevant dates and limits for discovery. Plaintiff may renew his motion for production of documents at that time.

**IT IS SO ORDERED**.

Dated:   5/2/2024                                         /s/ Ray Kent
                                                          Ray Kent
                                                          United States Magistrate Judge